United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-41053
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JED STEWART LINEBERRY,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

In our previous opinion in this case, we affirmed Appellant
Lineberry's conviction and sentence. See United States v.
Lineberry, No. 03-41053, 93 Fed. Appx. 632 (5th Cir. 2004) (per
curiam) (unpublished). Following our judgment, Lineberry filed a
petition for certiorari. The Supreme Court granted Lineberry's

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

-1-

petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).  We now reconsider the matter in light of Booker and decide to reinstate our previous judgment affirming Lineberry's conviction and sentence.

Lineberry raised a Booker-related challenge to his sentence for the first time on direct appeal.  Because Appellant made no Booker objection in the district court, however, Appellant's claim must fail under the plain-error test discussed in United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005).[2]

Lineberry also argues that application of Justice Breyer's remedial opinion in Booker would strip him of his constitutional protections against *ex post facto* laws.  He explains that Apprendi gave him the right to a jury trial on all facts essential to his sentence and Justice Breyer's remedial opinion in Booker stripped that right away.  In United States v. Scroggins, 411 F.3d 572, 575-76 (5th Cir. 2005) we rejected that argument and held that Booker required us to apply both Justice Stevens' merits opinion and Justice Breyer's remedial opinion in Booker to all cases such as this one on direct review.

For the reasons stated above, our prior disposition remains in effect, and we REINSTATE OUR EARLIER JUDGMENT affirming Lineberry's

---

[2]     There is no indication that the district court, if given the opportunity to treat the guidelines as advisory only, would have imposed a lesser sentence.

conviction and sentence.